In the Matter of the Port of New York Authority Relative to Acquiring Title to Certain Lands in the Borough of Manhattan for the Construction of Port Authority Union Terminal Freight Station No. 2, Petitioner.

Matthew J. Cunningham et al., Respondents.

Supreme Court, Special Term, Part I, New York County, August 24, 1945.

*William A. Pallme* and *Leander I. Shelley* for petitioner.

*Bernard L. Bermant* and *Vincent J. Distefano* for Matthew J. Cunningham and another, respondents.

Peck, J. This is a motion by the Port of New York Authority to condemn and for the appointment of commissioners in twenty-four proceedings to acquire real estate for public use.

Two of the respondents have appeared specially and have applied to refer the motion to Special Term, Part VII, upon the ground that the court at Special Term, Part III (Special Term, Part I, during the summer months), does not have jurisdiction to entertain a motion to condemn and for the appointment of commissioners.

The motion was brought in this part pursuant to subdivision 4 of rule III of the Special Term Rules of this court, which specifies that motions "To condemn, and for the appointment of commissioners" shall be brought in Special Term, Part III. Respondents contend that this rule, last promulgated in 1934, has been abrogated by the 1934 amendment to section 84 of the Judiciary Law (L. 1934, ch. 606), providing that the justices of the Appellate Division shall fix a time and place for holding special terms for condemnation proceedings, and by the order of the Appellate Division, dated November 28, 1944, designating Special Term, Part VII, " for the trial, hearing and disposition of condemnation proceedings, all motions with respect thereto and all applications for payment of awards made to unknown owners in terminated proceedings in New York County ". It is respondents' contention that this order, in such broad terms, coming after subdivision 4 of rule III of the Special Term pre-empts the entire field of condemnation and leaves no room for the jurisdiction specifically conferred by the rules on Special Term, Part III, in motions " To condemn, and for the appointment of commissioners ".

The question posed on the application is whether subdivision 4 of rule III of the Special Term Rules and the order of the Appellate Division of November 28, 1944, are irreconcilable, so that it must be said that the former has been altogether replaced by the latter, or whether the rule and order are consistent and each supports a given jurisdiction in condemnation matters.

Respondents put their argument as follows: " The defendants [respondents] contend that Special Term Rule 3 as last amended in 1934 is no longer applicable by reason of the enactment of Section 84 of the Judiciary Law as now existing, and by reason of the order of the Appellate Division, First Department, made pursuant thereto and ten years subsequent to the enactment of the same Appellate Division in Special Term Rule 3. * * * We thus have a situation where in 1934 the Appellate Division, pursuant to statute, created Special Term Rule 3, subdivisions 1 to 8 inclusive, and where on a subsequent date, as the result of a newly created statute, the Appellate Division in a

single particular type of litigation, namely, condemnation proceedings, created Special Term, Part VII.''

Chronologically, however, applicants are mistaken in their suggestion that section 84 (now § 86) of the Judiciary Law, as amended in 1934, came after the promulgation of subdivision 4 of rule III of the Special Term Rules, and intervened between the rules and the order creating a condemnation part. On the contrary, and significantly, subdivision 4 of rule III as it now stands, while of earlier origin, was re-enacted on September 1, 1934, after the amendment to section 84 of the Judiciary Law, effective May 15, 1934. Also, while the present order appointing Special Term, Part VII, is dated in 1944, its precursor, appointing a special term for condemnation proceedings, pursuant to the 1934 amendment to section 84 of the Judiciary Law, goes back to June 22, 1934, prior to the promulgation of subdivision 4 of rule III of the Special Term Rules. Certain it is, therefore, that the condemnation part was not created with the purpose or effect of taking all condemnation jurisdiction from Special Term, Part III. On the contrary, the promulgation of the Special Term Rules, after the creation of a condemnation part, indicates a clear intention that Special Term, Part III, should have the jurisdiction specifically given it by the rules.

There have, in fact, been special terms for condemnation proceedings for over twenty years. But even when such special terms for condemnation proceedings were designated, it has been the practice, since, as well as before, 1934, to bring motions to condemn and for the appointment of commissioners in the Special Term for motions, rather than in the Special Term designated for condemnation proceedings. (See, for example, *Matter of Port of New York Authority* v. *Keenan*, N. Y. L. J., May 20, 1941, p. 2257, col. 4, in which the application for reference of the matter to Special Term, Part VII, was rejected both by Mr. Justice CHURCH in appointing commissioners and by Mr. Justice SCHREIBER in confirming the commissioners' report.) This situation indicates that there must be a basis both in reason and practice to reconcile and support both jurisdictions.

The reason and practice are found in the two different types of condemnation proceedings which obtain under the law: the one, under the Administrative Code of the City of New York, pursuant to which the City of New York condemns property; and the other, under the Condemnation Law, pursuant to which this motion is brought.

Prior to 1917, all values in condemnations by the City of New York were determined by commissioners. In that year, the

law was changed so that the trial and disposition of condemnation proceedings by the City were before the various justices of this court sitting without a jury (Greater New York Charter, § 970; L. 1901, ch. 466, as amd. by L. 1915, ch. 606, as amd. by L. 1917, ch. 631; Greater New York Charter, ch. 21, tits. II, III; L. 1915, ch. 596).

The Administrative Code, applicable to City condemnations, follows its predecessor, the Greater New York Charter, in providing for the trial, hearing and disposition of condemnation proceedings by a justice of this court. For the purpose of carrying out this jurisdiction, special condemnation terms have been created for a great many years. The 1934 amendment to section 84 of the Judiciary Law was no innovation, but was in recognition of the practice of designating special condemnation parts. This amendment applied only to City condemnations, and had for its purpose the centralization of those proceedings in a regular and continuing condemnation part, rather than their distribution, as theretofore, among the then existing special terms or by special assignments for each proceeding as it arose. The centralization under section 84 of the Judiciary Law was effected at the instance of the City of New York, and largely in accordance with the recommendations of the Wallstein Report on Condemnation Procedure in New York City (1932), which dealt exclusively with condemnation proceedings brought by the City of New York.

Condemnation proceedings by other parties under the Condemnation Law are not by way of trial or hearing before a justice of this court, but are by commissioners designated by the court. Subdivision 4 of rule III of the Special Term Rules was promulgated to carry out this jurisdiction, and the designation for the purpose is Special Term, Part III. This jurisdiction has always been independent of the jurisdiction of the special condemnation parts in City condemnations, and was not affected by the 1934 amendment to section 84 of the Judiciary Law or by the numerous and successive orders designating condemnation parts.

Thus, the intention appears that in condemnation proceedings by the City of New York involving trial and hearings before the court, the special condemnation part is vested with jurisdiction; for proceedings instituted by parties other than the City of New York, and brought on by motion to condemn and for the appointment of commissioners, Special Term, Part III, is vested with jurisdiction.

This interpretation of the rule and order sustains and harmonizes both and is in accord with reason and practice. It is also in accord with canons of construction that rules of law should be rendered consistent where possible, and that the generality of one should yield to the specificity of another. The generality of the order appointing the special condemnation part must therefore be accommodated to the specific conferring of jurisdiction by the present subdivision 4 of rule III, Special Term Rules on Special Term, Part III, in motions " To condemn, and for the appointment of commissioners when required ".

Accordingly, the application to refer this motion to Special Term, Part VII, is denied, and the motion to condemn and for other relief is granted. Settle order.